
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BALDEMAR BAUTISTA-CRUZ,
RICARDO GUERRERO-CHAVERO,
JOSE OMAR MARTINEZ-CORONEL,
ENRIQUE MARTINEZ-ZEFERINO,
LEOPOLDO ANTONIO ORTEGA,
EFREN PICHARDO-HERNANDEZ,
ANTONIO MARCELINO ROSENDO,
EDGAR DAVID VELAZQUEZ-
REYES, NORBERTO BAUTISTA-
JUAREZ, MARIO ALBERTO
ROMERO-SANTOS, JAVIER RUBIO-
HERNANDEZ, ANTONIO CORONA-
GOMEZ, REYNALDO SALAS-
LORENZO and JUAN CARLOS
MARTINEZ-PEREZ,

      Plaintiffs,

v.                                          Case No: 2:15-cv-725-FtM-29CM

D&K HARVESTING, INC.,

      Defendant.

## ORDER

This matter comes before the Court upon review of Defendant's Unopposed Motion for Enlargement of Time to Respond to Court's Order (D.E. 37) (Doc. 38) filed on September 23, 2016. Plaintiff does not oppose the requested relief. Doc. 38 at 3.

On January 27, 2016, the Court entered a FLSA Scheduling Order requiring the parties to meet and confer in person within thirty (30) days of the filing of all answers to the Court's interrogatories, or no later than May 26, 2016, whichever date

is sooner.[1]   Doc. 17 at 3.   The parties then had to file a Report Regarding Settlement by June 27, 2016 because the Court ordered filing of a report within thirty (30) days of concluding the settlement conference.   Doc. 17 at 4.

On June 29, 2016, two days after the deadline to file a Report Regarding Settlement, the parties filed the Joint Motion to Continue Conciliation Discussions. Doc. 33.   The parties submitted that they could complete their discussions by August 26, 2016, and if successful, would file a proposed settlement agreement by September 2, 2016.   *Id.* at 2.   If the parties did not reach a settlement before August 26, 2016, the parties stated that they would prepare and file a Case Management Report by August 26, 2016.   *Id.*   On July 1, 2016, the Court granted the motion and allowed the parties until August 26, 2016 to complete their conciliation discussions and until September 2, 2016 to submit their proposed settlement agreement.   Doc. 34.   As of this date, however, the parties have not filed either a proposed settlement agreement or a Case Management Report.   As a result, the Court ordered the parties to file either (1) a proposed settlement agreement if the parties have settled, or (2) a Case Management Report if the parties have not settled on or before September 27, 2016. Doc. 37.

In response to the Order (Doc. 37), Defendant submits that even though the Court's deadline of August 26, 2016 to finish settlement discussions had passed, the

---

[1] The three plaintiffs answered the Court's interrogatories and filed a Notice of Filing Answers to the Court's Interrogatories on February 24, 2016.   Doc. 24.   The four plaintiffs filed their notice of filing answers on March 7, 2016.   Doc. 24.   As of this date, the seven remaining plaintiffs have not answered the Court's interrogatories.   Therefore, the deadline to meet and confer was May 26, 2016.   Doc. 17 at 3.

parties still are engaged in settlement discussions.  Doc. 38 at 1.  Defendant states that the discussions have been delayed because Plaintiff's attorney has changed firms, and new counsel has unsuccessfully sought to appear on behalf of Plaintiff.[2] *Id.* at 2.  Defendant argues that to respond to the Order (Doc. 37), the parties need fourteen (14) days following the Court's approval of an anticipated renewed Motion for Substitution of Counsel or an Amended Notice of Appearance.  *Id.* at 3.  As of this date, neither of the documents has been filed.

The FLSA Scheduling Order clearly warns that "[f]ailure to comply may result in the imposition of sanctions, including but not limited to the dismissal of the case and the striking of pleadings."  Doc. 17 at 5.  The Order further prescribes that "[e]ither party, for good cause shown, may move to alter this schedule should the circumstances so warrant."  *Id.* at 6.  In fact, the parties moved once to amend the schedule and extend the deadline to continue settlement discussions on June 29, 2016, two days after the deadline to file a Report Regarding Settlement.  Docs. 17, 33.  In their motion for extension, the parties jointly moved to set the two dates, August 26, 2016 and September 2, 2016, as their new deadlines, and the Court subsequently granted their motion.  *Id.*; Doc. 34.  However, when the deadlines of August 26, 2016 to finish settlement discussions and of September 2, 2016 to file a

---

[2] On September 15, 2016, attorney Robert Dwyer filed a Notice of Substitution of Counsel within Same Firm (Doc. 35), construed as a Motion for Substitution of Counsel.  The Court denied without prejudice the motion because the motion did not comply with Local Rule 2.03(b).  Doc. 36.

report with the Court approached, the parties took no action and let the deadlines pass without seeking extensions.

Now, on September 23, 2016, almost a month after the deadline of August 26, 2016 to finish settlement discussions, Defendant filed this motion explaining that the Court's denial of attorney Robert Dwyer's motion to substitute (Doc. 36) on September 16, 2016 necessitates the present motion.  Such explanation ignores that the motion for substitution was filed on September 15, 2016, twenty (20) days after the deadline to finish settlement discussions and thirteen (13) days after the deadline to file a report with the Court.  Doc. 34.  Regardless of the Court's Order on substitution of counsel (Doc. 36), the parties should have finished discussions and had a report ready to file by September 2, 2016 at the latest.  Doc. 34.  The Court's Order (Doc. 37) extended the deadline the parties chose by twenty-five (25) days, and yet the parties state that the Order (Doc. 37) does not give them enough time to comply.  Doc. 38 at 3.

Furthermore, Defendant proposes an undefined date as a new deadline. Defendant recommends that the new deadline be fourteen (14) days following the Court's approval of an anticipated renewed Motion for Substitution of Counsel or an Amended Notice of Appearance.  *Id.*  Given the posture of this case, the Court is not willing to accept an undefined date as the new deadline.  Instead, the Court will grant an additional thirty (30) days for the parties to jointly file either (1) a proposed settlement agreement if the parties have settled, or (2) a Case Management Report if the parties have not settled.  The parties should be mindful of the warning that

"[f]ailure to comply may result in the imposition of sanctions, including but not limited to the dismissal of the case and the striking of pleadings." Doc. 17 at 5.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant's Unopposed Motion for Enlargement of Time to Respond to Court's Order (D.E. 37) (Doc. 38) is **GRANTED in part and DENIED in part**.

2. The parties shall have up to and including **October 27, 2016** to jointly file either (1) a proposed settlement agreement if the parties have settled, or (2) a Case Management Report if the parties have not settled.

**DONE** and **ORDERED** in Fort Myers, Florida on this 26th day of September, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record