UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BALDEMAR BAUTISTA-CRUZ,
RICARDO GUERRERO-CHAVERO,
JOSE OMAR MARTINEZ-CORONEL,
ENRIQUE MARTINEZ-ZEFERINO,
LEOPOLDO ANTONIO ORTEGA,
EFREN PICHARDO-HERNANDEZ,
ANTONIO MARCELINO ROSENDO,
EDGAR DAVID VELAZQUEZ-
REYES, NORBERTO BAUTISTA-
JUAREZ, MARIO ALBERTO
ROMERO-SANTOS, JAVIER RUBIO-
HERNANDEZ, ANTONIO CORONA-
GOMEZ, REYNALDO SALAS-
LORENZO and JUAN CARLOS
MARTINEZ-PEREZ,

      Plaintiffs,

v.                                         Case No: 2:15-cv-725-FtM-29CM

D&K HARVESTING, INC.,

      Defendant.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the Third Joint Motion for Approval of Settlement and Dismissal with Prejudice (Doc. 57) filed on July 28, 2017. The parties provided a copy of the Proposed Settlement Agreement, Full and Final Release and Covenant not to Sue and Plaintiffs' Individual Release of Claims for the

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Court's review. Doc. 57-1. The parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim. Doc. 57. For the reasons set forth herein, the Court recommends that the settlement be **APPROVED** and the case be dismissed with prejudice.

To approve the settlement, the Court must determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court to review and determine that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

Plaintiffs brought this action against Defendant, alleging that Defendant did not compensate them with minimum wages in violation of the FLSA.[2] Doc. 31 at 8-9. Plaintiffs also allege that Defendant violated the federal regulations regarding the temporary foreign agricultural worker program and the terms of Plaintiffs' employment contracts. *Id.* at 9-12. Defendant is a corporation engaged in business in Florida. *Id.* ¶ 5. Plaintiffs are citizens of Mexico, who were brought into the United States on temporary work visas. *Id.* ¶ 7.

The Amended Complaint alleges that Defendant hired Plaintiffs as temporary agricultural workers to harvest citrus fruits in Florida during the 2013-14 and 2014-15 harvest seasons. *Id.* ¶¶ 10, 15, 19. Plaintiffs allege that Defendant did not fully reimburse them for their work performed during the first workweeks of their employment. *Id.* ¶ 21. Plaintiffs also claim that Defendant did not maintain accurate records of their actual hours worked and amount of work performed. *Id.* ¶ 26.

The parties previously filed two motions for the Court's approval of their prior two settlement agreements, which the Court denied without prejudice. Docs. 52, 53, 54, 55. The Court explained that these two settlement agreements released claims

---

[2] On November 23, 2015, eight plaintiffs on behalf of themselves and all other similarly situated persons initially filed the Complaint for Damages, Costs of Litigation and Attorney's Fee ("Complaint") against Defendant. Doc. 1. On May 28, 2016, six plaintiffs moved to join six additional individuals as party plaintiffs and to amend the Complaint. Doc. 29. The Court granted their motion and allowed them to file an Amended Complaint. Doc. 30. On June 16, 2016, current Plaintiffs filed the Amended Complaint for Damages, Costs of Litigation and Attorneys' Fee ("Amended Complaint"). Doc. 31.

not related to the ones asserted in the Amended Complaint. Docs. 52-1 at 3-4, 10; 54-1 at 4, 10-11. The two settlement agreements stated that the payments to be made pursuant to that agreement "shall constitute full and complete payment for any and all damages of whatever kind [] Plaintiffs have, claim to have or may in the future claim to have had against [Defendant] with regard to their employment during the 2013-2014 and/or 2014-2015 Florida citrus harvest." Docs. 52-1 at 3-4; 54-1 at 4. Furthermore, Plaintiffs' Individual Release of Claims settled Plaintiffs' claims including "any other claims that [Plaintiffs] have, may have, or could have asserted" against Defendant in this action. Docs. 52-1 at 10; 54-1 at 10-11.

For the reasons explained in the Orders, the Court found that it could not determine whether these two agreements were fair and reasonable because of Plaintiffs' pervasive release of their claims. Docs. 53 at 3-5; 55 at 4. Thus, the Court directed the parties to "either to correct the offending provisions or to provide further information regarding any independent consideration Plaintiffs received in return for their pervasive release." Docs. 53 at 5; 55 at 4.

Here, the parties allege that they corrected the offending provisions identified the Court. Doc. 57 at 3 n.1. The proposed settlement agreement now states that the payments to be made pursuant to this agreement "shall constitute all back wages, penalties, interest and other sums due or allegedly due to [Plaintiffs] under the minimum wage overtime provisions of the FLSA, and for breach of the H-2A regulations, and the Florida common law of contracts." Doc. 57-1 at 7.

Furthermore, Plaintiffs do not release any other claims that they have, may have, or could have asserted against Defendant in this action. *Id.* at 10-11.

In the proposed settlement agreement, Defendant agrees to pay Plaintiffs a settlement amount totaling ten thousand dollars ($10,000.00) in consideration of Plaintiffs' underlying claims for minimum wages under the FLSA, breach of contract and regulatory violations. Docs. 57 at 4; 57-1 at 5-7. Defendant also will pay to Plaintiffs' counsel the sum of three thousand dollars ($3,000.00) as reasonable attorney's fees and costs, which were negotiated separately from the amount of settlement funds to be paid to Plaintiffs. Docs. 57 at 4-5; 57-1 at 4.

The parties allege that the settlement agreement reflects a reasonable compromise of the disputed issues. Doc. 57 at 3. The parties state that Plaintiffs discussed with their counsel regarding their alleged hours of work and pay rate and examined Defendant's payroll records. *Id.* Plaintiffs believe that the payments to be made under this settlement agreement provide a significant percentage of additional wages as well as their estimated unpaid wages and liquidated damages. *Id.* at 4-5. The parties also allege that Defendant seeks to avoid future litigation expenses by entering into this settlement agreement. *Id.* at 5. Based on the Court's review of the settlement agreement, the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court recommends the proposed settlement to be a fair and reasonable compromise of the dispute.

In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that

no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti,* 715 F. Supp. 2d at 1228,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorney's fees and costs were agreed upon separately and without regard to the amount paid to Plaintiffs. Doc. 57 at 4. As noted, as part of the settlement, Defendant agrees to pay Plaintiffs' attorney's fees and costs in the amount of $3,000.00. Doc. 57-1 at 4. Under these circumstances, the Court recommends that the settlement agreement is fair and reasonable.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. The Third Joint Motion for Approval of Settlement and Dismissal with Prejudice (Doc. 57) be **GRANTED** and the Proposed Settlement Agreement, Full and Final Release and Covenant not to Sue and Plaintiffs' Individual Release of Claims (Doc. 57-1) be **APPROVED**.

2. The Court enter an order **DISMISSING** with prejudice all claims asserted in this action by Plaintiffs.

**DONE** and **ENTERED** in Fort Myers, Florida on this 1st day of August, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record